IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

> SOUTHERN DISTRICT OF MISSISSIPPI
> **FILED**
>
> AUG 08 2018
>
> ARTHUR JOHNSTON
> BY _____ DEPUTY

UNITED STATES OF AMERICA

v.                                                      CRIMINAL NO. *2:18cr30-KS-MTP*

THOMAS EDWARD SPELL, JR.                                18 USC § 1349

**The United States Attorney charges:**

At all times relevant to this Information:

## GENERAL ALLEGATIONS

1.      TRICARE, administered by the United States Department of Defense, was a federal health care benefit program that provided health care benefits to members of the United States military, as well as to their families, in addition to military retirees.

2.      TRICARE was a "health care benefit program" within the meaning of Title 18, United States Code, Section 24(b).

3.      Individuals who qualified for TRICARE benefits were commonly referred to as "beneficiaries."

4.      Medical service providers, including hospitals, clinics, physicians, nurse practitioners, and pharmacies ("service providers"), meeting certain criteria, could provide medical services to TRICARE beneficiaries, and subsequently submit claims, either electronically or in hardcopy, to TRICARE seeking reimbursement for the cost of services provided.

5.      TRICARE provided prescription drug coverage, including prescription coverage for compounded medications, to eligible beneficiaries through its pharmacy program.

6.      TRICARE's pharmacy program was administered by Express Scripts, a Pharmacy Benefit Manager ("PBM"), whose responsibility was to adjudicate and process payment for

prescription drug claims submitted by eligible pharmacies.

7.      In contracting with TRICARE and Express Scripts, participating pharmacies agreed to adhere to the rules and regulations of TRICARE and Express Scripts, which reserved the authority to refuse to reimburse any and all claims not submitted in accordance with its rules and regulations.

8.      TRICARE, Express Scripts, and other PBMs, required participating pharmacies to collect copayments from beneficiaries, and specified that copayments could not be waived or reduced. Consistent copayment collection was necessary to prevent fraud, as copayments gave beneficiaries financial incentives to reject medications that were not medically necessary or had little to no value to beneficiaries' treatments. TRICARE, Express Scripts, and other PBMs, relied upon participating pharmacies to collect copayments.

9.·     Compounded medications were drugs that were combined, mixed, or altered from other drugs by licensed pharmacists or other licensed practitioners, pursuant to valid prescriptions issued by licensed medical professionals, including physicians and nurse practitioners (collectively, "prescribers"), to meet the specific needs of individual patients.

10.     Prescribers, including licensed physicians and nurse practitioners, could prescribe compounded medications to patients upon considering patients' diagnoses, medical conditions, health factors, and reactions to other medications, and only after determining that commercially available medications were not as beneficial or potentially inappropriate or harmful to patients.

11.     For prescription drugs, including compounded medications, to be appropriately reimbursed, TRICARE required that these drugs be dispensed pursuant to valid prescriptions and be medically necessary for the treatment of covered illnesses. In other words, TRICARE would not reimburse prescription drugs, including compounded medications, which were not medically

2

necessary or dispensed without a valid prescription.

12.     Pharmacy 1, formed in or around 2012, was located in Madison County, Mississippi. Compounding medication was the primary business of Pharmacy 1.

13.     Defendant **THOMAS EDWARD SPELL, JR.** ("SPELL"), of Ridgeland, Mississippi, a licensed pharmacist in the state of Mississippi, co-owned and operated Pharmacy 1.

14.     Co-Conspirator 1 co-owned Pharmacy 1.

15.     Co-Conspirator 2 co-owned and marketed on behalf of Pharmacy 1.

**COUNT 1**

**THE CONSPIRACY AND ITS OBJECT**

16.     The allegations at paragraphs one through fifteen of this Information are re-alleged and incorporated by reference as though fully set forth herein.

17.     Beginning in or around December 2014, and continuing through in or around January 2016, in Lamar County, in the Eastern Division of the Southern District of Mississippi, and elsewhere, the defendant, **THOMAS EDWARD SPELL, JR.**, did knowingly and willfully, that is, with the intent to further the object of the conspiracy, combine, conspire, confederate, and agree with Co-Conspirator 1, Co-Conspirator 2, and other persons known and unknown to the United States Attorney, to knowingly and willfully execute a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is TRICARE, and other health care benefit programs, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of TRICARE, and other health care benefit programs, in connection with the delivery of and payment for health care benefits, items and services, in violation of Title 18, United States Code, Section 1347.

3

## PURPOSE OF THE CONSPIRACY

18.     It was a purpose of the conspiracy for the defendant and his co-conspirators to unlawfully enrich themselves by, among other things, (a) submitting and causing the submission of false and fraudulent claims to TRICARE and other health care benefit programs; (b) submitting and causing the submission of claims to TRICARE and other health care benefit programs based upon materially false and fraudulent pretenses, representations and promises; and (c) concealing the submission of false and fraudulent claims to TRICARE and other health care benefit programs.

## MANNER AND MEANS

19.     The manner and means by which the defendant and their co-conspirators sought to accomplish the object and purpose of the conspiracy included, among other things:

20.     **SPELL** and Co-Conspirator 1 together with others, formed, owned, and operated Pharmacy 1 and at least three other compounding pharmacies located across the United States ("Other Pharmacies").

21.     **SPELL**, Co-Conspirator 1, Co-Conspirator 2, and others selected compounded medications to market on behalf of Pharmacy 1 and these Other Pharmacies. Rather than formulating compounded medications based on the individualized needs of beneficiaries, **SPELL** and others selected formulas for, and interchanged the ingredients of, compounded medications in order to maximize profit based upon reimbursements from TRICARE and other health care benefit programs.

22.     Without having identified the needs of specific beneficiaries, **SPELL**, Co-Conspirator 1, Co-Conspirator 2, and others, on behalf of Pharmacy 1 and these Other Pharmacies, mass-produced these high-yield compounded medications.

23.     **SPELL**, Co-Conspirator 1, and others, on behalf of Pharmacy 1 and these Other Pharmacies, paid marketers, including Co-Conspirator 2, kickbacks and bribes to obtain

4

prescriptions for compounded medications from prescribers for beneficiaries who were covered by the most lucrative health care benefit programs, including TRICARE, irrespective of whether the compounded medications were medically necessary for the treatment of beneficiaries.

24.     Pharmacy 1 and these Other Pharmacies, upon receiving these prescriptions, at the direction of **SPELL**, Co-Conspirator 1, Co-Conspirator 2, and others, filled these prescriptions, dispensed compounded medications, and submitted claims to TRICARE, and other health care benefit programs, without collecting copayments from beneficiaries. Specifically, Pharmacy 1 and these Other Pharmacies routinely waived the copayments of beneficiaries even though **SPELL**, Co-Conspirator 1, Co-Conspirator 2, and others knew that TRICARE, other health care benefit programs, Express Scripts, and other PBMs required Pharmacy 1 and these Other Pharmacies to collect beneficiary copayments as a condition of reimbursing claims.

25.     **SPELL**, Co-Conspirator 1, Co-Conspirator 2, and others, on behalf of Pharmacy 1 and these Other Pharmacies, took measures to conceal their waiver of beneficiary copayments from TRICARE and other health care benefit programs. For example, **SPELL** directed Pharmacy 1 employees to purchase pre-paid debit cards that were used to make it appear as though beneficiaries paid their own copayments. **SPELL** and others then reimbursed these employees on behalf of Pharmacy 1. Co-Conspirator 2 purchased money orders and Pharmacy 1 applied those money orders to receivable accounts involving compounded medications to make it appear as if beneficiaries, in fact, paid copayments, when, in reality, Pharmacy 1 reimbursed Co-Conspirator 2 for the money orders.

26.     At the direction of **SPELL**, Co-Conspirator 1, and others, Pharmacy 1 and these Other Pharmacies, between approximately December 2014 and January 2016, submitted fraudulent claims to TRICARE and other health care benefit programs, and TRICARE reimbursed

Pharmacy 1 and these Other Pharmacies on these fraudulent claims in the amount of approximately $243,550,803.00.

All in violation of Title 18, United States Code, Section 1349.

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

27.     Upon conviction of the offense alleged in Count One of this Information, the defendant shall forfeit to the United States any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense, pursuant to Title 18, United States Code, Section 982(a)(7). The property subject to forfeiture includes the following:

| Criminal Forfeiture Identifier | Identifier from parallel Civil Case *United States v. Real Property Located at 19 Crane Park,* 3:16-cv-27 | Asset Description |
|---|---|---|
| A1 | A-107 | $156,680.86 seized from BankPlus account number 4820642033, an account in the name of Medworx Pharmacy, with authorized signers Tommy Spell and H.C. |
| A2 | A-108 | $2,350,868.18 seized from WFB account number 5261299266, an account in the name of Medworx Compounding, LLC, with authorized signers Tommy Spell and H.C. |
| A3 | A-110 | $1,716,544.70 seized from WFB account number 1086404991, an account in the name of S&W Ventures, LLC, with unknown authorized signers. |
| A4 | A-111 | $173,365.85 seized from WFB account number 7392430232, an account in the name of IPMSI Holdings, LLC Series J, with authorized signer Thomas Spell. |
| A5 | A-112 | $2,240.06 seized from Bancorp account number 75448605, an account in the name of Salus Consulting and Management, LLC, with authorized signer Tommy E. Spell, Jr. |
| A6 | A-113 | $2,122,737.20 from Bancorp account number 75619387, an account in the name of Tommy E. Spell, Jr., with authorized signer Tommy E. Spell, Jr. |

| A7 | A-115 | $600,149.16 seized from NY Life IA N29101001, an account in the name of Thomas Spell, Jr. Irrevocable Trust, with authorized signer S.M., Jr. |
|---|---|---|
| A8 | A-116 | $0.27 seized from NY Life IA L36-004665, an account in the name of Thomas Spell, Jr. Irrevocable Trust for benefit of T.S. III, with authorized signer S.M., Jr. |
| A9 | A-117 | $2.30 seized from NY Life IA L36-005215, an account in the name of Thomas Spell, Jr. Irrevocable Trust, with authorized signer S.M., Jr. |
| A10 | A-121 | $39,920.64 seized from Regions account number 170802998, an account in the name of North Mississippi Medworx Group, LLC, with authorized signers W.W. and J.M.. |
| A11 | A-122 | $853,590.37 seized from Regions account number 170803528, an account in the name of Sunflower Discount Pharmacy, LLC, with authorized signers W.W., Tommy Spell, and J.M.. |
| A12 | A-123 | $171,453.57 seized from Regions account number 170803218, an account in the name of Medworx Sunflower, LLC, with authorized signers W.W. and J.M.. |
| A13 | A-124 | $50,024.14 seized from WFB account number 3392537373, an account in the name of IPMSI Holdings, LLC Series J, with authorized signer Thomas Spell. |
| A14 | A-126 | $58,599.02 seized from NY Life IP number 63822441, a policy in the name of Tommy Spell, Jr. |
| A15 | A-132 | $89,704.52 seized from NY Life IA L36-004666, an account in the name of Thomas Spell, Jr. Irrevocable Trust for benefit of T.S. III, with authorized signer S.M., Jr. |
| A16 | A-133 | $407,130.85 seized from NY Life IA L36-004667, an account in the name of Thomas Spell, Jr. Irrevocable Trust for benefit of T.S. III, with authorized signer S.M., Jr. |
| A17 | A-134 | $225,989.13 seized from NY Life IA L36-004668, an account in the name of Thomas Spell, Jr. Irrevocable Trust for benefit of T.S. III, with authorized signer S.M., Jr. |
| A18 | A-135 | $89,807.05 seized from NY Life IA L36-004669, an account in the name of Thomas Spell, Jr. Irrevocable Trust for benefit of T.S. III, with authorized signer S.M., Jr. |
| A19 | A-136 | $164,300.12 seized from NY Life IA L36-004670, an account in the name of Thomas Spell, Jr. Irrevocable Trust for benefit of T.S. III, with authorized signer S.M., Jr. |
| A20 | A-137 | $89,704.52 seized from NY Life IA L36-004673, an account in the name of Thomas Spell, Jr. Irrevocable Trust for benefit of T.R.S., with authorized signer S.M., Jr. |
| A21 | A-138 | $225,395.95 seized from NY LIFE IA L36-004675, an account in the name of Thomas Spell, Jr. Irrevocable Trust for benefit of T.R.S., with authorized signer S.M., Jr. |

| A22 | A-139 | $89,752.96 seized from NY LIFE IA L36-004677, an account in the name of Thomas Spell, Jr. Irrevocable Trust for benefit of T.R.S., with authorized signer S.M., Jr. |
| A23 | A-140 | $164,345.19 seized from NY Life IA L36-004678, an account in the name of Thomas Spell, Jr. Irrevocable Trust for benefit of T.R.S., with authorized signer S.M., Jr. |
| A24 | A-141 | $1,926,596.37 seized from NY Life IA L36-005217, an account in the name of Thomas Spell, Jr. Irrevocable Trust, with authorized signer S.M., Jr. |
| A25 | A-142 | $639,247.64 seized from NY Life IA L36-005218, an account in the name of Thomas Spell, Jr. Irrevocable Trust, with authorized signer S.M., Jr. |
| A26 | A-143 | $640,682.61 seized from NY Life IA L36-005219, an account in the name of Thomas Spell, Jr. Irrevocable Trust, with authorized signer S.M., Jr. |
| A27 | A-144 | $1,438,694.53 seized from NY Life IA L36-005220, an account in the name of Thomas Spell, Jr. Irrevocable Trust, with authorized signer S.M., Jr. |
| A28 | A-145 | $1,438,514.12 seized from NY Life IA L36-005221, an account in the name of Thomas Spell, Jr. Irrevocable Trust, with authorized signer S.M., Jr. |
| A29 | A-146 | $315,341.68 seized from NY Life IA L36-005222, an account in the name of Thomas Spell, Jr. Irrevocable Trust, with authorized signer S.M., Jr. |
| A30 | A-147 | $0.27 seized from NY Life IA L36-004671, an account in the name of Thomas Spell, Jr. Irrevocable Trust for benefit of T.R.S., with authorized signer S.M., Jr. |
| A31 | A-148 | $406,722.21 seized from NY LIFE IA L36-004674, an account in the name of Thomas Spell, Jr. Irrevocable Trust for benefit of T.R.S., with authorized signer S.M., Jr. |
| A32 | A-109 | $57,099.10 seized from Regions account number 170802971, an account in the name of Medworx Sunflower Series 1, with authorized signers W.W. and J.M.. |
| A33 | A-118 | $28,019.83 seized from Regions account number 170802963, an account in the name of Medworx Sunflower Series 2, with authorized signers W.W. and J.M. |
| A34 | A-119 | $157,056.23 seized from Regions account number 170803064, an account in the name of Medworx Sunflower Series 3, with authorized signers W.W. and J.M.. |
| A35 | A-120 | $17,684.90 seized from Regions account number 197704180, an account in the name of Medworx Sunflower Series 4, with authorized signers W.W. and J.M.. |
| A36 | A-122 | $853,590.37 seized from Regions account number 170803528, an account in the name of Sunflower Discount Pharmacy, LLC, with authorized signers W.W., Tommy Spell, and J.M.. |

| B1 | B-026 | Promissory Note dated July 8, 2015 for $2,200,000 payable to IPMSI Holdings, LLC, Series J from Shaw Properties, LLC. |
|----|-------|----------------------------------------------------------------------------------------------------------------------|
| B2 | B-027 | $2,950,018.00 in United States Currency, derived from the proceeds of a promissory notes dated July 8, 2015 for $2,800,000 payable to IPMSI Holdings, LLC, Series J and issued by Hooper Hollow Borrower, LLC. |
| B3 | B-028 | 2015 Mercedes Benz GLK350, VIN WDCGG5HB2FG423010, Tag MS 01819, with all attachments thereon, registered to Tommy Spell. |
| B4 | B-029 | Promissory Note dated October 9, 2015, for $3,100,000 payable to IPMSI HOLDINGS, LLC, SERIES J, from Arbors, LLC. |
| B5 | B-030 | 2014 Jeep Wrangler Rubicon, VIN 1C4HJWFGXEL101995, with all attachments thereon, registered to Tommy Spell. |
| B6 | B-032 | 2014 Correct Craft 23' Boat with Hull ID CTC44125J34, Vessel #MS2959BW and Trailer Serial Number 4WASB3024C1000009 |
| C1 | C-052 | 550 Post Rd. #25-5, Ridgeland, Madison County, MS, titled to Thomas E. Spell Jr. |
|    |       | Real property located at 550 Post Road #25-5, Ridgeland, Madison County, Mississippi, more particularly described as:<br><br>Parcel No. 072H-27A-115/00.00<br><br>UNIT 5, IN THE PLAN OF CONDOMINIUM OF POINT CLEAR, a condominium according to a map or plat thereof, filed for record in Plat Cabinet D at Slide 5, in the office of the Chancery Clerk of Madison County, at Canton, Mississippi, as same is otherwise created, established and dedicated in a certain Plan of Condominium and Declaration of Covenants, Conditions and Restrictions, dated October 13, 1997, and of record in the office of the aforesaid Chancery Clerk in Book 1060 at Page 93, together with a 1.1522 percentage interest in and to the Common Area of Point Clear appurtenant to said Unit, as such interest is defined in the Plan of Condominium and Declaration of Covenants, Conditions and Restrictions thereto. |
| C2 | C-053 | 800 College Hill Rd. Apt. 2302, Oxford, Lafayette County, MS, titled to IPMSI Holdings Series J, LLC. |
|    |       | Real property located at 800 College Hill Road, Unit No. 2302, Oxford, Lafayette County, Mississippi, more particularly described as: |

| | | |
|---|---|---|
| | | Parcel No. 134K-20-128.00<br><br>Dwelling Unit No. 2302 of 800 Park, a Condominium, Phase II, according to the Declaration of Condominium filed for record in the office of the Chancery Clerk of Lafayette County, Mississippi as Instrument 2015-1835, and the First Amendment to the Declaration of Condominium filed for record in said office as Instrument No. 2015-1937 and the plat of said Condominium recorded in Plat Cabinet C, at Slide 57, in the office of the Chancery Clerk of Lafayette County, Mississippi, reference to which plat is made for a more particular description of said property.<br><br>Together with an undivided interest in the common elements and limited common elements as identified and described in the Declaration of Condominium recorded as Instrument No. 2015-1835 and the First Amendment to the Declaration of Condominium filed for record in said office as Instrument No. 2015-1937 in the office of the Chancery Clerk of Lafayette County, Mississippi.<br><br>Being a part of the property conveyed in the Warranty Deed recorded as Instrument No. 2014-669 in the office of the Chancery Clerk of Lafayette County, Mississippi. |
| C3 | C-054 | 43 Sandy Creek Circle, Santa Rosa Beach, Walton County, FL, titled to Charitable Planning Consultants, LLC, Trustee of the Thomas E. Spell Jr. Irrevocable Trust. |
| | | Real property located at 43 Sandy Creek Circle, Santa Rosa Beach, Walton County, Florida, more particularly described as:<br><br>Parcel No. 15-3S-19-25419-000-0050<br><br>Lot 5 of SANDY CREEK AT WATERCOLOR, according to the Plat thereof as recorded in Plat Book 15, Page(s) 57-57b, of the Public Records of Walton County, Florida.<br><br>Being the same property deeded to Wade A. Walters and Dorothy H. Walters, husband and wife, dated 9/29/2011, recorded in Records Book 2874, Page 3911 Public Records of Walton County, Florida. |

28.    If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a.   cannot be located upon the exercise of due diligence;

    b.   has been transferred or sold to, or deposited with, a third party;

    c.   has been placed beyond the jurisdiction of the Court;

    d.   has been substantially diminished in value; or

    e.   has been commingled with other property that cannot be subdivided without difficulty;

the defendant shall forfeit to the United States any other property, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p).

Criminal Forfeiture, in violation of Title 18, United States Code, Sections 982(a)(7), and Title 21, United States Code, 853(p).

D. MICHAEL HURST, JR.
UNITED STATES ATTORNEY

11