THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

UNITED STATES OF AMERICA                                PLAINTIFF

v.                                          CRIMINAL NO. 2:18cr30-KS-MTP

THOMAS EDWARD SPELL, JR.                                 DEFENDANT

**AGREED PRELIMINARY ORDER OF FORFEITURE**

Pursuant to a separate Plea Agreement and Plea Supplement between the defendant, **THOMAS EDWARD SPELL, JR.** (hereinafter the "Defendant"), by and with the consent of his attorney, and the **UNITED STATES OF AMERICA** (hereinafter the "Government"), agree that the following findings are correct, and further agrees with the adjudications made herein. Accordingly, the Court finds as follows:

1.      The Defendant is fully aware of the consequences of having agreed to forfeit to the Government his interests in and to the hereinafter described property, having been apprised of such by his attorney and by this Court; and he has freely and voluntarily, with knowledge of the consequences, entered into a Plea Agreement and Plea Supplement with the Government to forfeit such property.

2. The Defendant agrees, the following assets (hereinafter the **"Subject Property"**):[1]

| Criminal Forfeiture Identifier | Identifier from parallel Civil Case *United States v. Real Property Located at 19 Crane Park*, 3:16-cv-27 | Asset Description |
|---|---|---|
| A1 | A-107 | $156,680.86 seized from BankPlus account number 4820642033, an account in the name of Medworx Pharmacy, with authorized signers Tommy Spell and H.C. |
| A2 | A-108 | $2,350,868.18 seized from WFB account number 5261299266, an account in the name of Medworx Compounding, LLC, with authorized signers Tommy Spell and H.C. |
| A3 | A-110 | $1,716,544.70 seized from WFB account number 1086404991, an account in the name of S&W Ventures, LLC, with unknown authorized signers. |
| A4 | A-111 | $173,365.85 seized from WFB account number 7392430232, an account in the name of IPMSI Holdings, LLC Series J, with authorized signer Thomas Spell. |
| A5 | A-112 | $2,240.06 seized from Bancorp account number 75448605, an account in the name of Salus Consulting and Management, LLC, with authorized signer Tommy E. Spell, Jr. |
| A6 | A-113 | $2,122,737.20 from Bancorp account number 75619387, an account in the name of Tommy E. Spell, Jr., with authorized signer Tommy E. Spell, Jr. |
| A7 | A-115 | $600,151.61 seized from NY Life IA N29101001, an account in the name of Thomas Spell, Jr. Irrevocable Trust, with authorized signer S.M., Jr. |
| A8 | A-116 | $0.27 seized from NY Life IA L36-004665, an account in the name of Thomas Spell, Jr. Irrevocable Trust for benefit of T.S. III, with authorized signer S.M., Jr. |
| A9 | A-117 | $2.30 seized from NY Life IA L36-005215, an account in the name of Thomas Spell, Jr. Irrevocable Trust, with authorized signer S.M., Jr. |
| A10 | A-121 | $39,920.64 seized from Regions account number 170802998, an account in the name of North Mississippi Medworx Group, LLC, with authorized signers W.W. and J.M. |
| A11 | A-122 | $853,590.37 seized from Regions account number 170803528, an account in the name of Sunflower Discount |

[1] One asset was inadvertently listed twice in the Information. Information, ECF No. 1. That error has been remedied herein.

2

| | | |
|---|---|---|
| | | Pharmacy, LLC, with authorized signers W.W., Tommy Spell, and J.M. |
| A12 | A-123 | $171,453.57 seized from Regions account number 170803218, an account in the name of Medworx Sunflower, LLC, with authorized signers W.W. and J.M. |
| A13 | A-124 | $50,024.14 seized from WFB account number 3392537373, an account in the name of IPMSI Holdings, LLC Series J, with authorized signer Thomas Spell. |
| A14 | A-126 | $58,599.02 seized from NY Life IP number 63822441, a policy in the name of Tommy Spell, Jr. |
| A15 | A-132 | $89,704.52 seized from NY Life IA L36-004666, an account in the name of Thomas Spell, Jr. Irrevocable Trust for benefit of T.S. III, with authorized signer S.M., Jr. |
| A16 | A-133 | $407,130.85 seized from NY Life IA L36-004667, an account in the name of Thomas Spell, Jr. Irrevocable Trust for benefit of T.S. III, with authorized signer S.M., Jr. |
| A17 | A-134 | $225,989.13 seized from NY Life IA L36-004668, an account in the name of Thomas Spell, Jr. Irrevocable Trust for benefit of T.S. III, with authorized signer S.M., Jr. |
| A18 | A-135 | $89,807.05 seized from NY Life IA L36-004669, an account in the name of Thomas Spell, Jr. Irrevocable Trust for benefit of T.S. III, with authorized signer S.M., Jr. |
| A19 | A-136 | $164,300.12 seized from NY Life IA L36-004670, an account in the name of Thomas Spell, Jr. Irrevocable Trust for benefit of T.S. III, with authorized signer S.M., Jr. |
| A20 | A-137 | $89,704.52 seized from NY Life IA L36-004673, an account in the name of Thomas Spell, Jr. Irrevocable Trust for benefit of T.R.S., with authorized signer S.M., Jr. |
| A21 | A-138 | $225,395.95 seized from NY LIFE IA L36-004675, an account in the name of Thomas Spell, Jr. Irrevocable Trust for benefit of T.R.S., with authorized signer S.M., Jr. |
| A22 | A-139 | $89,753.96 seized from NY LIFE IA L36-004677, an account in the name of Thomas Spell, Jr. Irrevocable Trust for benefit of T.R.S., with authorized signer S.M., Jr. |
| A23 | A-140 | $164,345.19 seized from NY Life IA L36-004678, an account in the name of Thomas Spell, Jr. Irrevocable Trust for benefit of T.R.S., with authorized signer S.M., Jr. |
| A24 | A-141 | $1,926,596.37 seized from NY Life IA L36-005217, an account in the name of Thomas Spell, Jr. Irrevocable Trust, with authorized signer S.M., Jr. |
| A25 | A-142 | $639,247.64 seized from NY Life IA L36-005218, an account in the name of Thomas Spell, Jr. Irrevocable Trust, with authorized signer S.M., Jr. |
| A26 | A-143 | $640,682.61 seized from NY Life IA L36-005219, an account in the name of Thomas Spell, Jr. Irrevocable Trust, with authorized signer S.M., Jr. |

| | | |
|---|---|---|
| A27 | A-144 | $1,438,694.53 seized from NY Life IA L36-005220, an account in the name of Thomas Spell, Jr. Irrevocable Trust, with authorized signer S.M., Jr. |
| A28 | A-145 | $1,438,514.12 seized from NY Life IA L36-005221, an account in the name of Thomas Spell, Jr. Irrevocable Trust, with authorized signer S.M., Jr. |
| A29 | A-146 | $315,301.68 seized from NY Life IA L36-005222, an account in the name of Thomas Spell, Jr. Irrevocable Trust, with authorized signer S.M., Jr. |
| A30 | A-147 | $0.27 seized from NY Life IA L36-004671, an account in the name of Thomas Spell, Jr. Irrevocable Trust for benefit of T.R.S., with authorized signer S.M., Jr. |
| A31 | A-148 | $406,722.21 seized from NY LIFE IA L36-004674, an account in the name of Thomas Spell, Jr. Irrevocable Trust for benefit of T.R.S., with authorized signer S.M., Jr. |
| A32 | A-109 | $57,099.10 seized from Regions account number 170802971, an account in the name of Medworx Sunflower Series 1, with authorized signers W.W. and J.M. |
| A33 | A-118 | $28,019.83 seized from Regions account number 170802963, an account in the name of Medworx Sunflower Series 2, with authorized signers W.W. and J.M. |
| A34 | A-119 | $157,056.23 seized from Regions account number 170803064, an account in the name of Medworx Sunflower Series 3, with authorized signers W.W. and J.M. |
| A35 | A-120 | $17,684.90 seized from Regions account number 197704180, an account in the name of Medworx Sunflower Series 4, with authorized signers W.W. and J.M. |
| B1 | B-026 | $2,728,000.00 in United States Currency, in lieu of Promissory Note dated July 8, 2015 for $2,728,000 payable to IPMSI Holdings, LLC, Series J from Shaw Properties, LLC. |
| B2 | B-027 | $2,950,018.00 in United States Currency, derived from the proceeds of a promissory note dated July 8, 2015 for $2,800,000 payable to IPMSI Holdings, LLC, Series J and issued by Hooper Hollow Borrower, LLC. |
| B3 | B-028 | 2015 Mercedes Benz GLK350, VIN WDCGG5HB2FG423010, Tag MS 01819, with all attachments thereon, registered to Tommy Spell. |
| B4 | B-029 | 63% Membership Interest of Thomas Spell, Jr. in A.S.H. Mitigation Bank II, LLC, in lieu of Promissory Note dated October 9, 2015, for $3,100,000 payable to IPMSI HOLDINGS, LLC, SERIES J, from Arbors, LLC. |
| B5 | B-030 | 2014 Jeep Wrangler Rubicon, Tag MS 01509, VIN 1C4HJWFGXEL101995, with all attachments thereon, registered to Tommy Spell. |

| | | |
|---|---|---|
| B6 | B-032 | 2014 Correct Craft 23' Boat with Hull ID CTC44125J314, Vessel #MS2959BW and Trailer Serial Number 4WASB3024C1000009 |
| C1 | C-052 | 550 Post Rd. #25-5, Ridgeland, Madison County, MS, titled to Thomas E. Spell Jr. |
| | | Real property located at 550 Post Road #25-5, Ridgeland, Madison County, Mississippi, more particularly described as:<br><br>Parcel No. 072H-27A-115/00.00<br><br>UNIT 5, IN THE PLAN OF CONDOMINIUM OF POINT CLEAR, a condominium according to a map or plat thereof, filed for record in Plat Cabinet D at Slide 5, in the office of the Chancery Clerk of Madison County, at Canton, Mississippi, as same is otherwise created, established and dedicated in a certain Plan of Condominium and Declaration of Covenants, Conditions and Restrictions, dated October 13, 1997, and of record in the office of the aforesaid Chancery Clerk in Book 1060 at Page 93, together with a 1.1522 percentage interest in and to the Common Area of Point Clear appurtenant to said Unit, as such interest is defined in the Plan of Condominium and Declaration of Covenants, Conditions and Restrictions thereto. |
| C2 | C-053 | 800 College Hill Rd. Apt. 2302, Oxford, Lafayette County, MS, titled to IPMSI Holdings Series J, LLC. |
| | | Real property located at 800 College Hill Road, Unit No. 2302, Oxford, Lafayette County, Mississippi, more particularly described as:<br><br>Parcel No. 134K-20-128.00<br><br>Dwelling Unit No. 2302 of 800 Park, a Condominium, Phase II, according to the Declaration of Condominium filed for record in the office of the Chancery Clerk of Lafayette County, Mississippi as Instrument 2015-1835, and the First Amendment to the Declaration of Condominium filed for record in said office as Instrument No. 2015-1937 and the plat of said Condominium recorded in Plat Cabinet C, at Slide 57, in the office of the Chancery Clerk of Lafayette County, Mississippi, reference to which plat is made for a more particular description of said property.<br><br>Together with an undivided interest in the common elements and limited common elements as identified and described in the Declaration of Condominium recorded as Instrument No. |

| | | 2015-1835 and the First Amendment to the Declaration of Condominium filed for record in said office as Instrument No. 2015-1937 in the office of the Chancery Clerk of Lafayette County, Mississippi.<br><br>Being a part of the property conveyed in the Warranty Deed recorded as Instrument No. 2014-669 in the office of the Chancery Clerk of Lafayette County, Mississippi. |
|---|---|---|
| C3 | C-054 | 43 Sandy Creek Circle, Santa Rosa Beach, Walton County, FL, deeded to Charitable Planning Consultants, LLC, Trustee of the Thomas E. Spell Jr. Irrevocable Trust.[2] |
| | | Real property located at 43 Sandy Creek Circle, Santa Rosa Beach, Walton County, Florida, more particularly described as:<br><br>Parcel No. 15-3S-19-25419-000-0050<br><br>Lot 5 of SANDY CREEK AT WATERCOLOR, according to the Plat thereof as recorded in Plat Book 15, Page(s) 57-57b, of the Public Records of Walton County, Florida.<br><br>Being the same property deeded to Wade A. Walters and Dorothy H. Walters, husband and wife, dated 9/29/2011, recorded in Records Book 2874, Page 3911 Public Records of Walton County, Florida. |

constitute or are derived, directly or indirectly, from gross proceeds traceable to the commission of the offense(s) charged in the Information. *See* Information, ECF No. 1. Such property is, therefore, subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(7), and 28 U.S.C. § 2461(c).

3.      The Defendant has been apprised that Rule 32.2 of the Federal Rules of Criminal Procedure and 18 U.S.C. § 982 require the Court to order the forfeiture of the **Subject Property** at, and as a part of, the sentencing proceeding. The Defendant does hereby waive such requirement and the requirement that the forfeiture be made a part of the sentence as

---

2      The Warranty Deed lists Charitable Planning Consultants, LLC as the trustee; however, the trustee is now Thomas E. Spell, Jr.

ordered by the Court in the document entitled, "Judgment in a Criminal Case." The Defendant and his attorney further agree that the Court should enter this Order immediately, and agree that the forfeiture ordered hereunder will be a part of the sentence of the Court regardless of whether ordered at that proceeding and/or whether attached as a part of the said "Judgment in a Criminal Case."

4.      The Defendant and his attorney further agree that the Defendant will cooperate with the Government to identify, locate, and dispose of the property subject to forfeiture or substitute assets for such property.

IT IS, THEREFORE, ORDERED AND ADJUDGED AS FOLLOWS:

a.      That the Defendant shall forfeit to the Government, the **Subject Property**.

b.      The Court has determined, based on the Defendant's Plea Agreement and Plea Supplement, that the above described property is subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(7), and 28 U.S.C. § 2461(c), that the Defendant had an interest in such property and that the Government has established the requisite nexus between such property and such offense.

c.      The Government may conduct any discovery it considers necessary to identify, locate, and dispose of the property subject to forfeiture or substitute assets for such property.   The Defendant has agreed to cooperate with the Government's efforts to identify, locate, and dispose of property subject to forfeiture or substitute assets for such property.

d.      The Government shall publish notice of the order and its intent to dispose of the property in such a manner as the United States Attorney General may direct.   The Government may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the subject property.   Fed. R. Crim. P.

32.2(b)(6).

e.     Any person, other than the above named Defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property, and for an amendment of the Order of Forfeiture, pursuant to 21 U.S.C. § 853(n).

f.     Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), and Defendant's consent, this Preliminary Order of Forfeiture shall become final as to the Defendant upon entry of this order and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

g.     Any petition filed by a third party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the subject property, any additional facts supporting the petitioner's claim, and the relief sought.

h.     After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.     Fed. R. Crim. P. 32.2(c)(1)(B).

i.     The Government shall have clear title to the subject property following the Court's disposition of all third-party interests, or, if none, following the expiration of the

period provided in 21 U.S.C. § 853(n)(2), which is incorporated by 18 U.S.C. § 982(b), 31 U.S.C. §§ 5317(c) and 5332, and 28 U.S.C. § 2461(c) for the filing of third party petitions.

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

SO ORDERED AND ADJUDGED this __3rd__ day of June, 2019.

s/Keith Starrett
_____
UNITED STATES DISTRICT JUDGE

AGREED:

_____
MARY HELEN WALL
Assistant United States Attorney

_____
THOMAS EDWARD SPELL, JR.
Defendant

_____
JAMES M. TYRONE
Attorney for Defendant

9